UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO ALONSO TURCIOS CARIAS,
A-094-283-609,

                          Petitioner,

             v.

MINGA WOFFORD, et al.,

                          Respondents.

No.  1:26-cv-3273-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with retained counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. Respondents filed an answer, ECF No. 6, and Petitioner filed a reply, ECF No. 8. Also pending before the Court is Petitioner's pro hac vice application. See ECF No. 4. Petitioner's counsel was previously approved pro hac vice in Case No. 1:26-cv-02493-DC-SCR, ECF No. 8.  The undersigned will similarly approve the application here.

## I. BACKGROUND

Petitioner contends that he has lived in the United States since 1998 as a beneficiary of Honduran Temporary Protected Status (TPS). See ECF No. 1, pg. 3. Petitioner asserts he most recently entered the United States on November 10, 2015, on "'advance parole.'"

1

Id. According to Petitioner, the Secretary of the Department of Homeland Security terminated Honduran TPS on September 8, 2025, which was subsequently vacated by the Northern District of California, and is pending appeal in the Ninth Circuit. See id. at pg. 3, n. 1. Petitioner contends he has no criminal record, has been employed as a carpenter for the same company for twenty years, and paid taxes for at least ten years. See id. at 3-4. Petitioner asserts that he was arrested on March 30, 2026, by Customs and Border Patrol agents, and removal proceedings were initiated on April 20, 2026, when Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). See id. at 4.

Petitioner argues he is detained pursuant to § 1226(a) because he has resided in the United States for over 20 years, and his "most recent entry constitutes an "admission" to the United States under TPS and he is not an 'applicant for admission[.]'" Id. at 7. Petitioner argues that therefore, Petitioner's detention is improper absent an individualized determination that Petitioner poses a flight risk or danger such that his detention is justified" prior to detaining Petitioner. See id. at 8. Petitioner contends that given he was not provided such process, his detention violates his due process rights and seeks immediate release. See id. at 10-11.

Respondents argue Petitioner is an 'applicant for admission," because he "entered the United States illegally," and therefore, is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). See ECF No. 6, pg. 1. Respondents contend that Petitioner is ineligible for a bond hearing and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." Id. (citing Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953)).

In reply, Petitioner contends that Respondents "have failed to identify any factual or legal issues that render this case distinguishable from the Court's prior orders addressing the same detention question, or indicate that this matter is not substantively distinguishable" and do "do not dispute that Petitioner's most recent entry was on advance parole." ECF No. 8, pgs. 1-2.

## II. DISCUSSION

The undersigned finds that Petitioner's detention is governed by § 1226(a) and

2

Petitioner's detention violated the INA in that Petitioner was not provided a bond hearing nor was Petitioner detained pursuant to a warrant issued by the Attorney General, as required by § 1226(a). Thus, the undersigned will recommend the petition be granted and Respondents be ordered to immediately release Petitioner.

Under the INA, 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the Government has broad discretion whether to release or detain the individual. Id. Further, § 1226(a) provides several layers of review for an initial custody determination. Id. It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Conversely, 8 U.S.C. § 1225(b)(2) ("§1225(b)(2)") mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.

This Court, and many others, have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States. See Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position); Zapata v. Kaiser, 801 F. Supp. 3d 919, 2025 WL 2741654, at *10 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 U.S. Dist. LEXIS 179594, 2025 WL 2637503, at *8) (collecting cases).  Thus, courts have determined that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. Cruz v. Noem, No. 1:26-cv-01818-DC-EFB (HC), 2026 U.S. Dist. LEXIS 71893, *8-9 (E.D. Cal. April 1, 2026) (collecting cases).

Respondents cite the recent decisions by the Fifth and Eighth Circuit Courts of Appeals in support of their argument that Petitioner is subject to § 1225(b). See ECF No. 7, pg. 3. However, other Circuit Courts have held differently, and the Ninth Circuit has yet to address the issue. The Seventh Circuit Court of Appeals concluded that DHS is "not likely to succeed on the

merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)." Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). Similarly, the Second Circuit held that "Section 1225(b)(2) therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization" and therefore, a noncitizen who "is not requesting lawful entry into the United States" is subject to Section 1226, given the use of the term "an alien," which has a broader application. Da Cunha v. Freden, 2026 LX 255042, at *18 and*48-49 (2d Cir. Apr. 28, 2026). Further, the Sixth Circuit found that "'§ 1225(a) applies to aliens already present in the United States,'" given the text of the statute, canon against surplusage, and "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have lived within the United States for years. Lopez-Campos v. Raycraft, 2026 LX 250200, at *31-31 and *15 (6th Cir. May 11, 2026) (quoting Jennings v. Rodriguez, 583 U.S. 281, 303 (2018))

Following and adopting the reasoning of other courts, the undersigned finds Petitioner is not actively "seeking admission" because he has been living in the United States for years. See Castañon-Nava, 161 F.4th at 1060-62; Da Cunha, 2026 LX 255042, at *18 and*48-49; Lopez-Campos, , 2026 LX 250200, at *31-31 and *15; Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases concluding that § 1225 applies only to noncitizens "seeking admission," a category that does not include noncitizens like Petitioner, living in the interior of the country.).

Such determination is further supported by the factual record here because § 1225(b)(2)(A) applies to "aliens arriving in the United States and certain other aliens who have not been admitted or paroled," and Respondents do not refute Petitioner's claim that he was most recently entered the United States on November 10, 2015, on "'advance parole.'" ECF No. 1, pg. 3. Thus, the record shows Petitioner is not arriving, because he arrived in 2015, and at the time of his last arrival, Petitioner was admitted, on advance parole. The undersigned finds Petitioner therefore is not subject to mandatory detention under § 1225(b) and is instead subject to § 1226(a) which entitles Petitioner to the process that statute requires, including a bond hearing at a

minimum. Respondents have not provided any hearing to Petitioner either pre- or post-detention. Further, Respondents make no showing or claim that Petitioner was arrested pursuant to a warrant issued by the Attorney General, as required by 1226(a). Accordingly, Respondents have violated the INA, improperly detained Petitioner absent the procedure required in 1226(a) and subjected him to mandatory detention without a hearing, and Petitioner is therefore entitled to habeas relief.

Having found Petitioner is entitled to relief, the undersigned must determine the scope of such relief. In both Labrador-Prado and Tinoco, Judge Coggins found petitioners likely subject to § 1225(a) and ordered the petitioners' immediate release. Labrador-Prato v. Noem, 815 F. Supp. 3d 1113 (E.D. Cal. 2025); Tinoco v. Noem, No. 1:25-cv-01762-DC-JDP (HC), 2025 LX 542980, WL 3567862 (E.D. Cal. Dec. 13, 2025). In both cases, petitioners had been released on their own recognizance pursuant to § 1226(a) prior to the detention at issue. Labrador-Prato, 815 F. Supp. 3d at 1117; Tinoco, WL 3567862, at *1. Courts have additionally ordered immediate release of petitioners who were not previously afforded parole. Alejo v. Chestnut, No. No. 1:26-cv-01562-DC-EFB (HC), 2026 U.S. Dist. LEXIS 101267 (E.D. Cal. May 7, 2026) (ordering release of noncitizen detained after living in the United States for over thirty years); Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 U.S. Dist. LEXIS 36725, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, 2026 U.S. Dist. LEXIS 38009, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years and had an approved form I-130 alien relative petition); Salazar v. Noem, No. 1:26-cv-00899-DC-SCR, 2026 U.S. Dist. LEXIS 101565 (E.D. Cal. May 7, 2026) (adopting findings and recommendations in part, ordering immediate release of petitioners who had been "living in the United States for, in most cases, over twenty years," without any criminal record, rejecting that a post-detention bond hearing was the appropriate relief); Garcia v. Christopher Chestnut, Warden of the Cal. City Det. Facility, No. 1:26-cv-01933-DC-CSK, 2026 U.S. Dist. LEXIS 100244 (E.D. Cal. May 5, 2026) (same); and Zuniga Cruz v. Noem, No. 1:26-cv-01818-DC-EFB, 2026 U.S. Dist. LEXIS 71893, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary

restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention).

Here, the record demonstrates that Petitioner was admitted on advance parole in 2015, Petitioner was previously entitled to Honduran TPS and Respondents make no showing or claim that Petitioner was arrested pursuant to a warrant issued by the Attorney General, as required by 1226(a). Accordingly, the undersigned finds the appropriate remedy is immediate release and will recommend the Petition be granted and Respondents be ordered to immediately release Petitioner.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends:

1.    It is ORDERED that Petitioner's pro hac vice application, ECF No. 4, is APPROVED;

2.    It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED as to Petitioner's claim his detention violates the INA;

3.    It is RECOMMENDED that Respondents be ORDERED to immediately release Petitioner, A-094-283-609, with appropriate conditions of supervision with all Petitioner's documents and possessions;

4.    It is RECOMMENDED that Respondents be ORDERED to file a notice of compliance within three (3) days of the District Judge's order;

5.    It is RECOMMENDED that Respondents be PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner under 8 U.S.C. § 1226(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see

6

also Local Rule 304(b). Thus, within seven (7) days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated:  May 28, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE