UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ALONSO TURCIOS CARIAS, A-094-283-609, | No. 1:26-cv-3273-DC-DMC (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| MINGA WOFFORD, et al., | (ECF No. 9) |
| Respondents. | |

Petitioner, an immigration detainee proceeding with retained counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On May 28, 2026, the Magistrate Judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. ECF No. 9. On June 3, 2026, Respondent filed objections to the findings and recommendations, stating they object "for the reasons stated in their Response to Verified Petition for Writ of Habeas Corpus and Opposition to All Relief." ECF No. 10. However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is

1

entitled to a pre-deprivation bond hearing under that section.  *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).  Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    The findings and recommendations filed May 28, 2026, ECF No. 9, are ADOPTED;

2.    Petitioner's petition for writ of habeas corpus, ECF No. 1, is GRANTED as to Petitioner's claim his detention violates the INA;

3. Respondents are ORDERED to immediately release Petitioner, A-094-283-609, with appropriate conditions of supervision and with all Petitioner's documents and possessions returned to Petitioner;

4. Respondents are ORDERED to file a notice of compliance within three (3) days of the date of entry of this order;

5. Respondents are PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner under 8 U.S.C. § 1226(a);

6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

7. The Clerk of the Court is directed to serve Golden State Annex with a copy of this Order; and

8. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close the case.

IT IS SO ORDERED.

Dated:    **June 11, 2026**

_____
Dena Coggins
United States District Judge